Matthew Knepper, Esq.
Nevada Bar No. 12796
**NEVADA BANKRUPTCY ATTORNEYS, LLC**
5502 S Fort Apache Road, Suite 200
Las Vegas, NV 89148
Phone: (702) 848-3855
Fax: (702) 660-4130
Email: mknepper@nvbankruptcyattorneys.com
*Attorneys for Appellants*
*JEFFREY LEE TINDALL and CARMELITA AGARAN TINDALL*

E-FILED: 1/25/2023

| | |
|---|---|
| JEFFREY LEE TINDALL and CARMELITA AGARAN TINDALL,<br><br>Appellants,<br>v.<br><br>AMERICAN EXPRESS NATIONAL BANK,<br><br>Appellee. | Case No: BKS-21-14900-gs<br>Chapter 13<br><br>**USDC Case # 2:22-cv-01700-GMN**<br>**Appeal Ref. # 22-26**<br><br>**APPELLANTS' THIRD MOTION AND PROPOSED ORDER TO EXTEND TIME TO FILE OPENING BRIEF AND TO EXTEND ALL REMAINING BRIEFING DEADLINES**<br><br>**[THIRD REQUEST]** |

Pursuant to LR IA 6-1, Appellants Jeffrey Lee Tindall and Carmelita Agaran Tindall ("Appellants"), by and through their counsel of record, and for its Motion to Extend Time for Appellants to File their Opening Brief and to extend all briefing deadlines thirty days, *nunc pro tunc*, from the current deadline of January 20, 2023.

**I.     BACKGROUND**

1.     On September 22, 2022, the Court entered an Order Denying Debtors Jeffrey Lee Tindall and Carmelita Agaran Tindall's Objection to Proof of Claim No. 3 in US Bankruptcy Court, Case No. 21-14900-gs [Dkt. 82].

2.     On October 6, 2022, the Debtors filed a Notice of Appeal. [Dkt. 85].

1

3. On October 12, 2022, the matter was transferred to the U.S. District Court, of Nevada, USDC Appeal Court Case# 22-cv-01700-GMN Appeal Reference # 22-26 [Dkt. 95].

4. On November 7, 2022, the Court ordered that Appellants' Opening Brief is due by November 21, 2022; that Appellee's deadline to file their Response Brief is due by December 5, 2022, and that the Reply Brief is due by December 19, 2022.

5. On November 21, 2022, the Appellants filed a motion for an extension of time to file their Opening Brief.

6. On December 9, 2022, the Court granted the Appellants' Motion to Extend Time to File their Opening Brief and ordered that the Appellants' Opening Brief is due by December 21, 2022; that Appellee's deadline to file their Response Brief is due by January 21, 2023, and that the Reply Brief is due by February 21, 2023.

7. On December 20, 2022, The Court granted Appellants' Second Motion to Extend Time due to the holiday schedule and family commitments, extending the deadline to file to January 20, 2023.

8. On January 1, 2023, Appellants counsel David Krieger suffered a heart attack and was admitted to Saint Rose Hospital, Siena Campus.  He was stabilized on life support, but suffered significant neurological damage as a result of an unknown amount of time that he was not breathing nor had a pulse until he was discovered by his finance, resuscitated, and then rushed to Saint Rose, where he was finally stabilized on life support.  He never regained consciousness. *See* Declaration of Matthew I. Knepper, Esq., ("Knepper Decl.") at ¶ 3.

9. On January 21, 2023, Mr. Krieger's family took him off life support, and he passed away that same day.  *Id*. at ¶ 4.

10. Since Mr. Krieger's incapacitation, the undersigned has undertaken every effort to wrap my arms around Mr. Krieger's portion of our bankruptcy practice's ("NBA") division of labor. And, on January 18, 2023, the undersigned was appointed trustee of Mr. Krieger's litigation practice, Krieger Law Group, LLC ("KLG"). *Id.* at ¶ 5. Upon receiving this appointment, the undersigned then moved quickly to work with KLG's staff to identify client trust funds, pending cases statuses for deadlines, and to ensure that all of KLG's expenses and labor costs were being met as they become due.

11. The undersigned is also balancing this caseload with my own litigation practice, Knepper Litigation, LLC.

12. Unfortunately, the January 20, 2023 opening brief extension was not on NBA's calendaring system. The undersigned first became aware of it when the Chapter 13 trustee's attorney, Danielle Gueck-Townsend, reached out to the undersigned today to inquire about the status of the opening brief. *Id*. at ¶ 6.

13. Later on January 20, 2023, the undersigned reached out to opposing counsel, Brian Shapiro, to confirm that he had no opposition to a 30-day extension, *nunc pro tunc*, to the January 20, 2023 deadline. He has confirmed that he has no opposition. *Id*. at ¶ 7.

14. This motion is made in good faith, is not interposed for delay, and is not filed for an improper purpose.

**II.    ARGUMENT**

When determining whether an untimely filed motion was the product of excusable neglect, federal courts apply the four-factor test under *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*.[1] Although not exclusive, the *Pioneer* factors "provide a framework with

---

[1] 507 U.S. 380, 395 (1993).

which to determine whether missing a filing deadline constitutes 'excusable' neglect."[2] Those factors are: (1) the danger of prejudice to the non-moving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith.[3] Each of these factors easily weigh in favor of finding that the mis-calendared opening brief deadline was the product of excusable neglect.

**First**, there is no danger of prejudice to the Appellees by extending the briefing deadline to February 20, 2023. Appellee consented to the extension, given the circumstances leading to that request.[4] Accordingly, this factor weighs in favor of finding excusable neglect.

**Second**, the length of the delay is only five days from the January 20, 2023 deadline. There are no other pending deadlines in this appeal that would be impacted by granting the brief extension. Accordingly, this factor weighs in favor of finding excusable neglect.

**Third**, the reasons for the delay are many, all rooted in unspeakable tragedy. In the confluence of managing truly heart-breaking personal tragedy, doubling the undersigned's workload in NBA's practice, assuming the role of KLG's trustee, and maintaining the undersigned's existing litigation practice, this deadline simply went unnoticed until, acting as the Good Samaritan, the Chapter 13 trustee brought this to the undersigned's attention. Accordingly, this factor also favors find excusable neglect.

**Fourth**, Debtor has moved for the extension in good faith. Good faith can be found where the "errors resulted from negligence and carelessness, not from deviousness or willfulness."[5] Here, Debtor may have overlooked the deadline, but it was the result of acting in

---

[2] *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997).
[3] 507 U.S. at 395.
[4] Knepper Decl. at ¶ 7.
[5] *Lemoge v. United States*, 587 F.3d 1188, 1197 (9th Cir. 2009).

good faith to make sure this very issue does not arise across a broad spectrum of cases that constitute a literal overnight tripling of the undersigned's workload, drawing on three distinct client management systems: NBA's, KLG's, and Knepper Litigation.

**III.  CONCLUSION**

Accordingly, Appellants pray for an Order of the Court granting, *nunc pro tunc*, thirty (30) additional days for Appellants to file their Opening Brief until **February 20, 2023,** and for Appellee to file their Answering Brief until **March 20, 2023,** and for Appellants to file their Reply Brief until **April 20, 2023**.

Respectfully Submitted on: January 25, 2023.

|  | **NEVADA BANKRUPTCY ATTORNEYS LLC**<br><br>/s/ *Matthew I. Knepper, Esq.*<br>Matthew Knepper, Esq.<br>Nevada Bar No. 12796<br>5940 S. Rainbow Blvd., Suite 400<br>PMB 99721<br>Las Vegas, NV 89118<br>mknepper@nvbankruptcyattorneys.com<br><br>*Counsel for Appellants Jeffrey Lee Tindall and Carmelita Agaran Tindall* |
|---|---|

<u>**ORDER GRANTING**</u>
<u>**APPELLANTS' MOTION AND PROPOSED ORDER TO EXTEND TIME TO FILE**</u>
<u>**OPENING BRIEF AND TO EXTEND ALL REMAINING BRIEFING DEADLINES**</u>

**IT IS SO ORDERED.**

DATED:          February 13, 2023          _____
                                            U.S. DISTRICT COURT JUDGE